UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFRAN ELECTRONICS & DEFENSE SAS, and SAFRAN ELECTRONICS & DEFENSE GERMANY GMBH,<br><br>       Petitioners,<br><br>  v.<br><br>IXBLUE SAS,<br><br>       Respondent. | Case No. 18-cv-7220<br><br>**PETITION TO STAY ARBITRATION AND COMPEL ARBITRATION** |

    Petitioners, Safran Electronics & Defense SAS ("SED") and Safran Electronics & Defense Germany GmbH ("SED Germany"), by and through their attorneys, Chaffetz Lindsey LLP, seek an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and § 4 in particular, staying the arbitration filed by Respondent, iXblue SAS ("iXblue") with the International Court of Arbitration of the International Chamber of Commerce ("ICC") in New York (the "New York Arbitration"), and compelling the *ad hoc* arbitration filed by Petitioner, SED, in Paris (the "Paris Arbitration"). In support thereof, SED and SED Germany aver as follows:

## PARTIES, JURISDICTION AND VENUE

  1.  SED is a company organized under the laws of and registered to do business in France, with its registered office located at 18-20 quai du Point du Jour, 92100 Boulogne-Billancourt, France.

  2.  SED Germany is a company organized under the laws of and registered to do business in Germany, with its registered office located at Gottlieb-Daimler-Str 60, 71711 Murr, Germany. SED Germany is a wholly owned subsidiary of SED.

1

3. iXblue is a company organized under the laws of and registered to do business in France, with its registered office located at 34 rue de la Croix de Fer, 78100 Saint-Germain-en-Laye, France.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws and treaties of the United States. Specifically, this action arises under or relates to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, dated June 10, 1958 and codified at 9 U.S.C. §§ 201 *et seq.* (the "New York Convention").

5. This Court also has original jurisdiction over this matter pursuant to 9 U.S.C. § 203, in that this is a civil action concerning an arbitration falling under the New York Convention.

6. This Court has personal jurisdiction over iXblue, because iXblue is a party to a License and Know-How Agreement between itself and SED, dated August 12, 1993, which provides for arbitration in New York of certain classes of disputes arising out of that agreement. Personal jurisdiction therefore exists over iXblue pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, in that iXblue is "not subject to jurisdiction in any state's courts of general jurisdiction" and the claim "arises under federal law," specifically the New York Convention. Personal jurisdiction also exists under 9 U.S.C. § 4, because iXblue has commenced an arbitration in the State of New York. *See* 9 U.S.C. § 208.

7. Venue is proper in this district pursuant to 9 U.S.C. § 204, because this Court has original jurisdiction under 9 U.S.C. § 203, and the State of New York is designated as the place of arbitration in the agreement upon which iXblue relies.

8. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because iXblue is a corporation subject to personal jurisdiction within the State of New York with respect to this action, and pursuant to 28 U.S.C. § 1391(c) because iXblue is a defendant not resident in the United States, and may be sued in any district.

## BACKGROUND

9. The dispute between the parties concerns parallel arbitrations filed pursuant to the arbitration provision contained in a 1993 License and Know-How Agreement between SED and iXblue (the "License Agreement"). iXblue's Request for Arbitration in New York (the "ICC Request for Arbitration") is annexed hereto as Exhibit A. The License Agreement is annexed hereto as Exhibit B. Under the License Agreement, iXblue licenses SED to incorporate certain Fiber-Optic Gyroscope ("FOG") know-how into the FOG equipment that SED sells.

10. SED originally filed the Paris Arbitration in June 2018, referencing the general arbitration provision found in Article IX(B) of the License Agreement. While the Paris Arbitration was pending, iXblue filed the New York Arbitration with the ICC, raising the same claims already put to the tribunal in the Paris Arbitration. In the New York Arbitration, iXblue purports to trigger the exceptional arbitration provision found in Article IX(C) of the License Agreement. However, the dispute between the parties falls squarely within the general arbitration clause in Article IX(B).

11. Furthermore, the New York Arbitration improperly includes SED Germany as a party. SED Germany is not a party to the License Agreement or the arbitration provisions contained therein.

12. For the reasons stated in this Petition, pursuant to 9 U.S.C. § 4, the Court should stay the New York Arbitration as to SED on the grounds that the New York Arbitration has been filed in excess of the scope of the arbitration provision, and stay the New York

Arbitration as to SED Germany on the grounds that there is no binding arbitration agreement between SED Germany and iXblue. It should further compel iXblue to arbitrate its claims, if anywhere, in the Paris Arbitration, as the License Agreement requires.

## The Arbitration Provision

13. According to Article IX(B) of the License Agreement, any dispute between the licensor and licensee that cannot be resolved through negotiations or a mini-trial proceeding shall be settled by an *ad hoc* arbitration seated in Paris:

> *(B) Governing Law and Arbitration for Disputes. To the extent that a dispute arises between LICENSOR and LICENSEE, and the procedures described in paragraph A above do not result in a dispute resolution, except as provided in Article IX(C) any dispute arising out of or related to that circumstance shall be finally settled by three arbitrators in accordance with Livre IV du Nouveau Code de Procédure Civile (Articles 1442 to 1491). The arbitration shall take place in Paris (France). The parties hereby agree to exclude any right of application or appeal to the courts of France. The applicable substantive law shall be the Law of France for purposes of this procedure.*

Ex. B at 15.

14. Article IX(B)(2) provides that the applicable substantive and procedural law is French law:

> *(2) Language; Law. The arbitration shall be conducted in the English Language. Relevant documents in other languages shall be translated into English if the arbitrators so direct. The applicable substantive law shall be the Law of France for purposes of this procedure. The applicable procedural law shall be the Law of the place of the arbitration.*

Ex. B at 16.

15. Article IX(C) of the License Agreement creates an exception to Article IX(B). Under Article IX(C), if the dispute between the licensor and licensee results from the sale of FOGs or FOG parts that use iXblue's FOG know-how to an end-user outside of the European

4

Economic Community ("EEC"),[1] then the dispute will instead be settled in an ICC arbitration seated in New York, applying New York law:

> *(1) Rules and Forum. To the extent that a dispute arises between LICENSOR and LICENSEE and results from sale of the Product to an end-user outside of the EEC, and, in such case, the procedures described in paragraph A above do not result in a dispute resolution, any dispute arising out or related to that circumstances shall be finally settled by arbitration in accordance with the rules of conciliation and arbitration of the International Chamber of Commerce. The arbitration shall take place in New York, N.Y., but the Parties hereby agree to exclude any right of application or appeal to the New York courts in connection with any question of law arising in the course of the reference, or arising out of the award. Each of the Parties shall appoint one arbitrator and the two so nominated shall in turn choose a third arbitrator. If the arbitrators chosen by the Parties cannot agree on the choice of the third arbitrator within a period of 30 days after their nomination, then the third arbitrator shall be appointed by the President of the International Chamber of Commerce. The applicable substantive law shall be the law of New York for purposes of this procedure.*
>
> *(2) Language; Law. The arbitration shall be conducted in the English Language. Relevant documents in other languages shall be translated into English if the arbitrators so direct. The applicable substantive law shall be the law of the State of New York, United States of America. The applicable procedural law shall be the law of the place of the arbitration.*

Ex. B at 16.

## The Paris Arbitration

16.     The New York Arbitration is duplicative of the Paris Arbitration.

17.     Two weeks before iXblue commenced the New York Arbitration, on or around June 29, 2018, SED served iXblue with a Request for Arbitration (the "Paris Request for Arbitration"), triggering an *ad hoc* arbitration in Paris under Article IX(B) of the License Agreement.

18.     In the Paris Request for Arbitration, SED asked the arbitral tribunal to adjudicate the same claims later raised by iXblue in the New York Arbitration.

---

[1] The European Union (the "EU") is the successor to the EEC.

19. SED Germany is not a party to the Paris Arbitration.

**The Exceptional Arbitration Provision Does Not Apply**

20. In the ICC Request for Arbitration, iXblue invokes the exceptional arbitration clause, Article IX(C) of the License Agreement, because it contends that its claims arise from sales by SED and SED Germany of FOGs using iXblue's know-how to end-users located outside of the EU.  Ex. A at ¶ 13.

21. iXblue identifies four transactions that allegedly involved non-EU end-users. Ex. A at ¶¶ 39-40, 44-45.  iXblue's own factual allegations show that none of these transactions involved sales to a non-EU end-user.[2]

22. Two of these transactions involved sales from SED Germany to its German client iMAR Navigation GmbH ("iMAR").  iMAR incorporated FOG technology into its products and sold them to a German company, Atlas Elektronik.  In one transaction, Atlas Elektronik sold its products using the FOG technology to a French company, DCNS S.A.  DCNS S.A. sold torpedoes incorporating those products to the French Navy.  In the second transaction, Atlas Elektronik sold its products to the German Navy.  Both the end-users, and every company in the commercial chain of these two transactions was an EU party.  *See* Ex. A at ¶¶ 44-45. There is no non-EU customer anywhere in these supply chains.  As a result, claims relating to these two transactions cannot possibly fall under the Article IX(C) exceptional arbitration procedure.

23. For the remaining two transactions, iXblue does not identify *any* end-users, whether located within or without the EU.  iXblue alleges that SED Germany sold FOG equipment using iXblue's know-how to German company iMAR, which then sold FOG

---

[2] SED also disputes that the items involved in these transactions qualified as "Products" for purposes of Article IX(C), because SED maintains that the items did not incorporate iXblue's FOG know-how.

equipment to Canadian manufacturers Applanix Corp. and Novatel, Inc. iXblue does not identify any end-user that purchased a product containing FOG technology from either Canadian manufacturer. *See* Ex. A at ¶¶ 39-40.

24.     iXblue submitted the "FOG Marketing Diagram," reproduced below, as an exhibit to the ICC Request for Arbitration. The FOG Marketing Diagram details iXblue's suspicions regarding the commercialization of FOG products. The diagram notably refers only to "multiple final clients" ("clients finaux multiples") or end-users of the products that iMAR allegedly sold and, like the ICC Request for Arbitration, does not specifically identify any end-user, let alone an end-user located outside of the EU:



25.     As a result, iXblue has failed to demonstrate that claims relating to these transactions fall under the Article IX(C) exceptional arbitration procedure.

### SED Germany Has No Arbitration Agreement with iXblue

26. SED Germany is not a party, and has never been a party, to the License Agreement.

27. SED Germany is a separate legal entity from SED.

28. In the ICC Request for Arbitration, iXblue makes no claim that SED Germany is a party to the License Agreement or the arbitration provision contained therein.

### Status of the Paris Arbitration

29. The tribunal in the Paris Arbitration was constituted on or around July 30, 2018. The arbitrators in that proceeding are Mr. Alexis Mourre (appointed by SED), Mr. Paul A. Gélinas (appointed by iXblue), and Mr. Yves Derains (President of the tribunal).

30. On the same day it filed its Request for Arbitration with the ICC, iXblue raised a challenge to SED's party-appointed arbitrator in the Paris Arbitration, Mr. Alexis Mourre. Mr. Mourre is currently the President of the ICC Court. iXblue claims that it is improper for Mr. Mourre to serve on the Paris Arbitration tribunal while the New York Arbitration is ongoing.

31. The challenge is scheduled to be heard by the President of the Paris Tribunal de Grande Instance on September 11, 2018.

32. iXblue has nominated the same arbitrator, Mr. Paul A. Gélinas in both the Paris Arbitration and the New York Arbitration. Ex. A at ¶19.

### Status of the New York Arbitration

33. By letter dated July 19, 2018, the ICC notified SED and SED Germany of its receipt of the Request for Arbitration and informed them that it would administer the arbitration under reference number 23775/DDA. By the same letter, the ICC informed SED and SED Germany that its deadline to respond to the Request for Arbitration and nominate a party-appointed arbitrator is August 22, 2018.

34. By separate letter dated July 19, 2018, the ICC informed iXblue that its share of the advance of costs has been set at $125,000.00.  If the ICC Arbitration continues, SED and SED Germany can expect shortly to be invoiced for an equal amount of advance costs.

35. SED and SED Germany have not participated in the New York Arbitration, nor have they been served with an application to compel arbitration.

## The Paris Arbitration has Jurisdiction over this Dispute

36. The Paris Arbitration has proper jurisdiction over the claims that iXblue has raised in the New York Arbitration.  All disputes between the parties must be resolved by *ad hoc* arbitration in Paris, applying French law.  The only exception is if the dispute results from the sale of FOG equipment containing iXblue's know-how to end-users located outside of the EU.  The claims raised by iXblue in the New York Arbitration, on their face, do not result from sales to end-users located outside of the EU.

37. The Paris Arbitration tribunal is seized of the claims that iXblue has raised in the New York Arbitration.  SED raised the exact same claims before the Paris Arbitration tribunal in its June 29, 2018 Request for Arbitration.

38. French law authorizes the Paris Arbitration tribunal to issue an interim award interpreting Article IX of the License Agreement and declaring whether the claims raised by iXblue in the New York Arbitration (also raised by SED in the Paris Arbitration) fall within the Paris tribunal's jurisdiction.  SED intends to request such an interim award.  SED and iXblue expressly contracted in Article IX(B) of the License Agreement for French law to apply to this dispute.

## **Relief Requested**

39. As a result of the foregoing, SED and SED Germany are entitled to an order and judgment:

    (a) preliminarily enjoining iXblue from prosecuting or continuing to prosecute the New York Arbitration against SED and SED Germany until the Paris Arbitration tribunal reaches an interim award on its jurisdiction;

    (b) preliminarily and permanently enjoining iXblue from prosecuting or continuing to prosecute the ICC Arbitration against SED Germany;

    (c) staying the New York Arbitration before the ICC;

    (d) compelling iXblue to participate in good faith in the Paris Arbitration; and

    (e) granting such other and further relief as justice requires.

Dated: New York, New York
August 10, 2018

Respectfully submitted,

*/s/ Scott W. Reynolds*

Scott W. Reynolds
Yasmine Lahlou
Gretta L. Walters
Meredith Craven
Farrell Brody

CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax (212) 257-6950
s.reynolds@chaffetzlindsey.com

*Attorneys for Petitioners*